IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| LAURA MARIE BAILEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO.: 7:20-CV-00241 (WLS-TQL) |
| v. | : | |
| | : | |
| | : | |
| COMMISSIONER OF SOCIAL | : | |
| SECURITY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## **ORDER**

Before the Court is Plaintiff's "Consent Motion for Attorney Fees and Costs under the Equal Access to Justice Act" (Doc. 21; Doc 21-1), along with supporting exhibits.

Previously, Plaintiff Bailey filed a Complaint against the Commissioner of Social Security on November 23, 2020. (Doc. 1). On September 22, 2021, Defendant Commissioner filed a Motion requesting the Court to enter a judgment with a reversal and remand of the cause back to it. (Doc. 17). United States Magistrate Judge Thomas Q. Langstaff entered a Report and Recommendation (Doc. 18) on October 6, 2021, recommending that Defendant's Motion (Doc. 17) be granted, and thus, recommending a reversal and remand of the cause to Defendant Commissioner. On August 3, 2022, this Court accepted and adopted the Recommendation from Judge Langstaff and remanded the case to Defendant for further action and proceedings. (Doc. 19). No objection to Judge Langstaff's Recommendation was filed.

On October 31, 2022, Plaintiff filed the instant Consent Motion for Attorney Fees (Doc. 21-1) under the Equal Access to Justice Act ("EAJA"). In her Consent Motion (Doc. 21), Plaintiff requests "attorney's fees of $8,686.96 for 40 attorney

1

hours, filing costs of $400, and expense for service of process by certified mail of $21.15." (Doc. 21, at 1). Plaintiff also notes that Defendant does not oppose the above amount in attorney fees. (*Id.* at 2).  No objection or opposition to Plaintiff's Consent Motion for Attorney's Fees (Doc. 21) has been filed.

The Equal Access to Justice Act (EAJA) provides, in relevant part,

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Additionally, a party seeking an award of attorney's fees and other expenses shall submit an application for fees showing (1) that the party is a prevailing party and (2) an application for such fees, including an itemized justification for the amount requested, is timely filed within thirty (30) days of a final judgment in the action; (3) the position of the government is not substantially justified; and (4) no special circumstances make such an award unjust. *Id.*; 28 U.S.C. § 2412(d)(1)(B).

Upon review, the Court finds that Plaintiff meets the criteria for an award of attorney's fees under the EAJA. Here, Plaintiff correctly contends that she is the prevailing party for the purposes of § 2412(d)(1)(A) because a remand order was obtained pursuant to sentence four of 42 U.S.C. § 405(g). *Shalala v. Schaefer*, 509 U.S. 292, 301–02 (1993). Plaintiff also timely filed her motion for an attorney's fees and costs under the EAJA within thirty days of the final judgment.[1] The Court also agrees

---

[1] A final judgment is one that is "final and not appealable." 28 2412(d)(2)(G). The Commissioner has sixty (60) days to appeal. Fed. R. App. P.4(a)(1)(B). Accordingly, the thirty (30) day EAJA clock starts to run after the Commissioner's time to appeal the final judgment has expired. *Dana B. v. Comm'r of Soc. Sec. Admin.*, 1:20-CV-04104-ELR, 2022 WL 16955478, at *1 n.2 (N.D. Ga. July 13, 2022) (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991)). Here, the final judgment was entered on August 3, 2022. (Doc. 19 & Doc. 20). Sixty days from that date was October 2, 2022, which is when

with Plaintiff's assertion that Commissioner's position was not substantially justified and finds no special circumstances that would make an award of EAJA fees unjust. Additionally, there is no objection from the Commissioner. Therefore, the Court finds that Plaintiff is entitled to reasonable attorney's fees.

Here, Plaintiff requests the following: $8,686.96 for 40 hours of work; filing costs of $400, and expense for service of process by certified mail of $21.15. (Doc. 21-1, at 5).

First, with respect to the amount of attorney's fees, EAJA costs are decided under the lodestar method, which involves multiplying the number of hours reasonably expended multiplied by a reasonable hourly rate on the matter. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The EAJA sets an hourly rate cap at $125 per hour; however, this figure can be adjusted for, among other factors, cost of living increases. *Meyer v. Sullivan*, 958 F.2d 1029, 1033–34 (11th Cir. 1992). The cost-of-living increases can be determined by reference to the Department of Labor's Consumer Price Index, and the annual average consumer price index rates are used when available. *Muga v. Comm'r of Soc. Sec.*, 5:20-CV-00445-MTT-CHW, 2023 WL 2002074, at *1 (M.D. Ga. Jan. 25, 2023).

Here, Plaintiff's request for attorney's fees of $8,686.96 is based on 40 hours of representation generated by attorneys George C. Piemonte and Michael Phillips. (Docs. 21-3; 21-6; 21-7). More specifically, Mr. Piemonte expended 1.5 hours in 2020 at the hourly rate of $207.78, and then expended 1.05 hours in 2021 at an hourly rate of $217.54. (Doc. 21-3). Mr. Phillips expended 37.45 hours in 2021 at the hourly rate of $217.54. In support of her Motion for Attorney's Fees (Doc. 21), Plaintiff attached the Consumer Price Index (Doc. 21-4) published by the United States Department of Labor for the month the EAJA cap was last adjusted, which was March 1996, and

---

the thirty days for EAJA commenced. Plaintiff's Motion for Attorney's Fees (Doc. 21) was filed on October 31, 2022, which is within the thirty-day clock, and thus, timely.

stated that the hourly rates had been adjusted for inflation. (Doc. 21-1, at 4). Plaintiff further states that the requested rates were determined after adjusting them to account for the increase in the cost of living, without considering any special factors. (*Id.*); (Doc. 21-4); (Doc. 21-3). Attorneys Phillips and Piemonte also provided their affidavits (Docs. 21-6 & 21-7) to support their requested attorney's fees and costs.

Based on the record and the Undersigned's knowledge and experience, the Court finds that the hourly rates and number of hours requested are fair and reasonable. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (explaining that the court is itself an expert on the question of fees and may consider its own knowledge and experience regarding reasonable fees and may even "form an independent judgment either with or without the aid of witnesses as to value").

Next, Plaintiff also requests the filing cost of $400 and expense for service of process by certified mail of $21.15. The EAJA allows for reimbursement of filing fees under 28 U.S.C. § 2412(a)(2). Therefore, the filing fee of $400 is reimbursable. *See Davis v. Apfel*, No. 6:98-cv-651-ORL-22A, 2000 WL 1658575, at *4 (M.D. Fla. Aug. 14, 2000) (finding that Plaintiff is entitled to recover the amount incurred in the form of the filing fee). As to certified mailing charges of $21.15, when determining whether to allow reimbursement of certified mail fees, courts under the Eleventh Circuit have assessed the reasonableness of the cost. *E.g.*, *Volk v. Astrue*, 2012 WL 53879687, at *1 (M.D. Fla. Nov. 2, 2012); *K.R. v. Comm'r of Soc. Sec.*, No: 7:22-CV-6-HL, 2022 WL 3758223, at *1 (M.D. Ga. Aug. 30, 2022). And if the cost is deemed to be reasonable, courts have found such cost to fall within the discretion of the Court. *Volk*, 2012 WL 53879687, at *1; *K.R.*, 2022 WL 3758223, at *1; *see also Huitt v. Apfel*, CA 99-0712-CB-C, 2000 WL 726914, at *3 (S.D. Ala. May 25, 2000) (finding that plaintiff is entitled to court costs that includes the amount for service of process and certified mail postage). Here, after considering the record and exhibits attached to the Motion (Doc. 21) and

the fact that the Commissioner does not challenge the amount of fees sought, the Court finds that Plaintiff is entitled to the certified mailing fee of $21.15.

Accordingly, Plaintiff is **GRANTED** attorney's fees in the amount of $8,686.96, filing fees in the amount of $400, and service fees by certified mail in the amount of $21.15, for a total of $9,108.11. This award shall be made payable to Plaintiff Bailey directly, if Plaintiff owes a federal debt. *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). If the United States Department of Treasury determines that Plaintiff does not owe a federal debt and has assigned her right to the EAJA's attorney fees and costs to Counsel, then the Commissioner is **ORDERED** to pay the fees and costs directly to Counsel.

**SO ORDERED,** this ___6th___ day of April 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**